UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALAN MOORE, | Case No. 2:25-cv-01358-GMN-EJY |
| Plaintiff, | |
| v. | **ORDER**<br>**AND**<br>**REPORT AND RECOMMENDATION** |
| CLARK COUNTY CORONER, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 1, 1-1. While Plaintiff's IFP application is complete and, therefore, granted below, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**I.    Screening Standard**

Under 28 U.S.C. § 1915(e)(2), the reviewing court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the court treats all allegations of material fact stated in the

1    complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw*

2    *v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

3         Allegations of a pro se complainant are held to less stringent standards than pleadings drafted

4    by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does

5    not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions.

6    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a

7    cause of action is insufficient.  *Id.*  In addition, a reviewing court should "begin by identifying

8    pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the

9    assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can

10   provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When

11   there are well-pleaded factual allegations, a court should assume their veracity and then determine

12   whether they plausibly give rise to an entitlement to relief." *Id*.  "Determining whether a complaint

13   states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to

14   draw on its judicial experience and common sense." *Id*.

15        Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack

16   an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are

17   untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a

18   legal interest which clearly does not exist), as well as claims based on fanciful factual allegations

19   (e.g., fantastic or delusional scenarios).  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989);

20   *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

21   **II.    Discussion**

22        A.    <u>Plaintiff's Complaint</u>.

23        Plaintiff's Complaint asserts violations of his Sixth, Eighth, and Fourteenth Amendments.

24   Factually, Plaintiff alleges the Clark County Coroner falsified a toxicology report to fit a prosecutor's

25   misunderstanding and misstatements leading to his "illegal incarceration."  ECF No. 1-1 at 4.

26   Plaintiff says a deceased woman (which appears to be the factual predicate for Plaintiff's current

27   incarceration) took drugs and committed suicide, he did not provide the drugs, and the deceased's

28   police officer boyfriend supplied the drugs that ultimately led to the deceased's death.  *Id*.  Plaintiff

submits there is "no certain proof" the deceased received drugs from him, he hired three different attorneys to represent him and, despite promises from counsel that he would go "nowhere near jail," he is now in a maximum security prison with individuals serving lifetime sentences in violation of equal protection. *Id*. at 7.

Plaintiff also contends he was told to plead guilty because (1) of his criminal record, and (2) the evidence against him was insufficient to convict him. *Id*. at 8. Plaintiff says the judge assigned to the case admitted the evidence against him was weak and that is why he received the sentence he did. *Id*. Plaintiff submits he was maliciously accused and falsely prosecuted. *Id*. at 8-9.

In addition to suing Clark County and the Clark County Coroner, Plaintiff sues Detective Tim and Officer Phillip who are alleged to have "callously and maliciously" made Plaintiff the "subject of prosecution." *Id.* at 10. Plaintiff tells a tale of sitting in the car with the now deceased woman who allegedly made statements about wanting to have sex with him, then allegedly repeating that desire to her police officer boyfriend who became jealous and set Plaintiff up for the charge leading to his conviction and incarceration. *Id*. at 10-11.

        B.     <u>Plaintiff's Claims Attacking his Incarceration</u>.

To the extent Plaintiff attempts to allege a violation of the Constitution in an effort to attack the validity of his underlying conviction his claim fails. The Civil Rights Act of 1871, codified as amended at 42 U.S.C. § 1983, creates a private right of action for any party that has been deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. The Supreme Court, in analyzing which types of claims can be brought under 42 U.S.C. § 1983, held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks release. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)). A prisoner "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. "It would wholly frustrate explicit congressional intent" to allow plaintiffs to evade the exhaustion requirement of an application for a writ of habeas corpus by labeling their request as a § 1983 claim. *Preiser*, 411 U.S. at 489-490.

1   Federal courts must work to prevent prisoners from relying on § 1983 to subvert the different

2   procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at

3   486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).

4          The Court finds that to the extent Plaintiff seeks to challenge the validity of his conviction,

5   his claims are barred by *Heck*. Plaintiff cannot obtain the relief he seeks in a suit brought under §

6   1983. Instead, the proper vehicle for Plaintiff's requested relief is an application for a writ of habeas

7   corpus under 28 U.S.C. § 2254.

8          C.      Plaintiff's Claims Against Clark County.

9          To the extent Plaintiff's claims against Clark County are not seeking to overturn his

10  conviction, the claims fail under *Monell v. Dept. of Soc. Servs*, 436 U.S. 658, 690-95 (1978), because

11  municipalities can only be liable for the infringement of constitutional rights under limited

12  circumstances not alleged in Plaintiff's Complaint. A plaintiff asserting a constitutional claim

13  against a municipality like Clark County under *Monell* must, at a minimum, allege: (1) the plaintiff

14  had "a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy

15  amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force

16  behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021)

17  (internal quotation marks and citation omitted). Further, before a *Monell* claim will proceed to

18  litigation, a plaintiff must allege one of three liability theories. *Thomas v. County of Riverside*, 763

19  F.3d 1167, 1170 (9th Cir. 2014) (per curiam). A local governmental entity like Clark County may

20  be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436

21  U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Alternatively, Clark County may be

22  held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763

23  F.3d at 1170 (citation omitted). Finally, Clark County may be liable under Section 1983 when "'the

24  individual who committed the constitutional tort was an official with final policy-making authority'

25  or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'"

26  *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v.

27  Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County

28  of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

1   Here, Plaintiff fails to allege (1) Clark County had an official policy, practice, or long

2   standing custom that violated the Constitution, (2) the individuals who violated his constitutional

3   rights were officials with final policy-making authority, or (3) an official with final policy-making

4   authority ratified the decision or actions of a subordinate.  Thus, Plaintiff does not allege facts

5   sufficient to state a claim against Clark County under *Monell*.

6       D.      Plaintiff's Claims Against the Clark County Coroner, Detective Tim, and Officer
                Phillip Fail for Multiple Reasons.
7

8               1.      *Claims against the individual Defendants in their official capacities.*

9       State officials sued for damages in their official capacities are not "persons" within the

10  meaning of § 1983.  *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

11  Rather, suits against them are no different than suits against the state itself, and the Eleventh

12  Amendment bars such suits.  *Id.*  Thus, Plaintiff's § 1983 claims against the individual defendants

13  in their official capacities should be dismissed with prejudice.

14              2.      *The Fourteenth Amendment Equal Protection Clause.*

15      To the extent Plaintiff seeks to assert a claim under the Fourteenth Amendment Equal

16  Protection clause he fails to do so.  "To state a 42 U.S.C. § 1983 claim for violation of the Equal

17  Protection Clause 'a plaintiff must show that the defendants acted with an intent or purpose to

18  discriminate against the plaintiff based upon membership in a protected class.'"  *Thornton v. City of*

19  *St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668,

20  686 (9th Cir. 2001)).  This means "that a defendant acted at least in part *because of* a plaintiff's

21  protected status."  *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (internal quotation

22  omitted) (emphasis in original).  Plaintiff's Complaint is silent with respect to any facts that would

23  support an Equal Protection claim.  ECF No. 1-1.  There is no identification of Plaintiff's protected

24  class; nor, more importantly, any allegation that the individual defendant's actions were motivated

25  by Plaintiff's status as a member of a protected class.  *Id*.  In the absence of facts, Plaintiff cannot

26  state a claim under the Fourteenth Amendment's Equal Protection clause.

27

28

5

3.    *Plaintiff states no facts supporting claims under the Sixth or Eighth Amendments.*

It is, at best, unclear what claims Plaintiff seeks to assert under the Sixth or Eighth Amendments to the United States Constitution.  A review of Plaintiff's facts pertain to his arrest and prosecution.  ECF No. 1-1.  Plaintiff states nothing relating to his post-conviction confinement.  Thus, there are no facts that supports an Eighth Amendment claim.  *Graham v. Connor*, 490 U.S. 386, 393 (1989) (holding that Eighth Amendment prohibition of cruel and unusual punishment applies only after conviction and sentence).

To the extent Plaintiff is attempting to state a claim for ineffective assistance of counsel, this claim must be brought first through a direct appeal and then through a post-conviction habeas corpus petition, not a § 1983 action.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973).  To the extent Plaintiff is alleging his trial was fundamentally unfair, this too must be brought through a habeas petition.  *See Pennywell v. Rushen*, 705 F.2d 355, 357 (9th Cir. 1983) (a habeas petitioner must show that an error of state law "rendered the trial so arbitrary and fundamentally unfair that it violated federal due process"); *Ahlswede v. Wolff*, 720 F.2d 1108, 1111 (9th Cir. 1983) (to obtain relief for state law errors in federal court through a habeas petition, the plaintiff petitioner must show that the errors "rendered the trial so fundamentally unfair as to deny due process.") (internal citation and quote marks omitted).

4.    *The Court cannot supply Plaintiff with elements of a claim.*

Finally, Plaintiff bears the burden of pleading sufficient facts to state a claim; courts will not supply essential elements of a claim that were not initially pled—even in the context of a *pro se* plaintiff.  *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988); *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Although the Federal Rules of Civil Procedure are very liberal as to pleading where a plaintiff is proceeding *pro se*, even a *pro se* complaint is subject to dismissal if the pleading fails to reasonably inform the adverse party of the asserted cause of action.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

6

1    IT IS FURTHER ORDERED that to the extent Plaintiff seeks to state a claim against Clark

2    County under *Monell*, the claim is dismissed without prejudice and with leave to amend.

3    IT IS FURTHER ORDERED that to the extent Plaintiff seeks to state a claim against the

4    Clark County Coroner, Detective Tim or Officer Phillip under a legal theory the Court did not

5    understand was intended, those claims are dismissed without prejudice and with one opportunity to

6    amend to clearly state a viable claim.

7    IT IS FURTHER ORDERED that the Clerk of Court is ordered to file Plaintiff's Complaint

8    (ECF No. 1-1), which is dismissed for the reasons ordered or recommended herein.

9    If Plaintiff elects to file an amended complaint, Plaintiff must title the document "FIRST

10   AMENDED COMPLAINT," and it must be filed by **August 29, 2025**. The first amended complaint

11   must comply with the Federal Rules of Civil Procedure, and it must state a cognizable claim for

12   relief against each defendant named. The first amended complaint must be complete in and of itself,

13   must not refer in any manner to any prior complaint, and must include: (1) all claims, and the factual

14   basis in support of all claims, and (2) all claims Plaintiff seeks to assert against the named defendants,

15   except for those recommended for dismissal with prejudice or without prejudice and without leave

16   to amend (these include claims against individual defendants for money damages, claims attacking

17   Plaintiff's incarceration, claims attacking the fundamental fairness of his trial or convictions, and

18   any claim relating to the ineffective assistance of counsel).

19   **IV.    Recommendation**

20   IT IS HEREBY RECOMMENDED that Plaintiff's claims, to the extent they attack his

21   incarceration, be dismissed with prejudice as barred by *Heck v. Humphrey*.

22   IT IS FURTHER RECOMMENDED that to the extent Plaintiff sues the individual

23   defendants in their official capacities for money damages, those claims be dismissed with prejudice.

24   IT IS FURTHER RECOMMENDED that Plaintiff's claims, to the extent they seek to assert

25   a Sixth Amendment violation based on ineffective assistance of his counsel, the claim be dismissed

26   without prejudice, but without leave to amend in this case. Plaintiff must bring this claim through a

27   habeas petition under 28 U.S.C. § 2254.

28

IT IS FURTHER RECOMMENDED that Plaintiff's claims attacking the fundamental fairness of his trial or his conviction, such claim be dismissed without prejudice, but without leave to amend in this case. Plaintiff must bring these claims through a habeas petition under 28 U.S.C. § 2254.

Dated this 4th day of August, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).